1    Jeffrey K. Brown, Bar No. 162957
     jkb@paynefears.com
2    Ray E. Boggess, State Bar No. 260384
     reb@paynefears.com
3    Taylor B. Brown, Bar No. 322449
     tbb@paynefears.com
4    PAYNE & FEARS LLP
     Attorneys at Law
5    4 Park Plaza, Suite 1100
     Irvine, California 92614
6    Telephone: (949) 851-1100
     Facsimile: (949) 851-1212
7
     Attorneys for Defendant Albertson's LLC
8

9                **UNITED STATES DISTRICT COURT**

10              **SOUTHERN DISTRICT OF CALIFORNIA**

11

12   WILLIAM DAVIS, on behalf of          Case No.  **22 CV2078 H    MSB**
     himself and all others similarly situated,
13                                          [Removed from San Diego Superior
              Plaintiffs,                   Court, Case No. 37-2022-00045420-
14                                          CU-OE-CTL]
          v.
15                                          **PETITION AND NOTICE OF**
     ALBERTSON'S LLC, a Delaware           **REMOVAL OF CIVIL ACTION**
16   limited liability company; and DOES 1  **UNDER 28 U.S.C. §§ 1332, 1441,**
     through 100, Inclusive,               **AND 1453**
17
              Defendants.                   *[Filed Concurrently with Civil Cover*
18                                          *Sheet, Notice of Interested Parties, and*
                                            *Declarations of Taylor B. Brown,*
19                                          *Naomi Nakamura-Dees, and Jim*
                                            *Taylor]*
20

21

22          **TO THE UNITED STATES DISTRICT COURT FOR THE**

23   **SOUTHERN DISTRICT OF CALIFORNIA, AND TO WILLIAM DAVIS**

24   **AND TO HIS COUNSEL OF RECORD:**

25

26          **PLEASE TAKE NOTICE** that Defendant Albertson's LLC ("Defendant")

27   hereby removes this action from the Superior Court of the State of California for the

28   County of San Diego to the United States District Court for the Southern District of

---
-1-
PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

California on the grounds that this matter is subject to removal under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because minimum diversity exists and the amount in controversy exceeds five million dollars.

In support of removal, Defendant alleges the following:

## I.    THE STATE COURT ACTION

1.    On or about November 9, 2022, Plaintiff filed an action against Defendant entitled "*William Davis, on behalf of himself and all others similarly situated v. Albertson's LLC, a Delaware limited liability company; and DOES 1 through 100, Inclusive*" in the Superior Court of the State of California, County of San Diego, Case No. 37-2022-00045420-CU-OE-CTL (the "State Court Action"). A true and correct copy of the Summons, Complaint, and Civil Case Cover Sheet, which were served on Defendant, are attached hereto as Exhibit A. (*See also* Declaration of Taylor B. Brown ("Brown Decl."), ¶ 2.)

2.    Plaintiff served Defendant the Summons and Complaint on December 2, 2022. A true and correct copy of the Proof of Service is attached hereto as Exhibit B. (*See also* Brown Decl., ¶¶ 3–4.)

3.    On or about November 10, 2022, the Superior Court issued a Notice of Case Assignment and Case Management Conference. A true and correct copy of the Notice of Case Assignment and Case Management Conference is attached hereto as Exhibit C. (*See also* Brown Decl., ¶ 5.)

4.    On or about December 30, 2022, Defendant filed an Answer to the Complaint in the State Court Action. A true and correct copy of Defendant's Answer is attached hereto as Exhibit D. (*See also* Brown Decl., ¶ 6.)

5.    These documents (Exhibits A-D) constitute all of the process, pleadings, and orders that were served on or by Defendant in the State Court Action. Exhibits A through D are attached hereto.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## II.   REMOVAL OF THE ENTIRE CLASS ACTION IS PROPER UNDER CAFA

6.     Defendant is authorized to remove this action to this Court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1441, and 1453 ("CAFA") because Plaintiff filed a (1) class action complaint where (2) the defendant (Albertson's LLC) is a citizen of a state different from Plaintiff, (3) more than 100 members make up the proposed class, and (4) the alleged amount in controversy exceeds $5 million.

### A.   Plaintiff Filed a Class Action Complaint.

7.     In order for this Court to exercise original jurisdiction over this case, it must find that this case is a "class action." 28 U.S.C. § 1332(d)(2). Under 28 U.S.C. § 1332(d), the term "class action" means "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute."

8.     Here, there is no dispute that Plaintiff brings this case as a class action against Defendant. (*See* Ex. A, Compl., at ¶¶ 1-4, 14-23, Prayer(A)-(B).) In his Complaint, Plaintiff alleges that "[t]his is a Class Action, pursuant to California Code of Civil Procedure §382, on behalf of Plaintiff and all other current and former similarly situated employees employed by or formerly employed by ALBERTSON'S LLC." (Ex. A, Compl., at ¶ 1.) Thus, this case is a "class action" under 28 U.S.C. § 1332(d).

### B.   Minimum Diversity Exists Because Plaintiff Is a Citizen of California, Whereas Albertson's Is a Citizen of Idaho and Delaware.

9.     In order for this Court to exercise original jurisdiction over this case, it must find that minimum diversity exists amongst the parties. 28 U.S.C. § 1332(d)(2). Minimum diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

### 1. Plaintiff Is a Citizen of the State of California.

10.    Plaintiff asserted in his Complaint that he is a resident of the State of California. (Ex. A, Compl., at ¶ 22.) In addition, according to Defendant's records, Plaintiff's last known home address is in Lakeside, California. (Declaration of Jim Taylor ("Taylor Decl.,"), ¶ 6.) *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is his permanent home, where he resides with the intention to remain or to which he intends to return.").

11.    "[A] defendant seeking to remove a case to federal court may rely solely on an allegation of residence in the complaint because 'a person's residence is prima facie evidence of domicile and citizenship.'" *Marin v. Target Corp.*, No. 2:20-CV-3502-ODW (PJWx), 2020 WL 5407454, at *2 (C.D. Cal. Sept. 9, 2020) (quoting *Lee v. BMW of N.A., LLC*, No. SACV 19-01722 JVS (ADSx), 2019 WL 6838911, at *2 (C.D. Cal. Dec. 16, 2019) (finding allegation in defendant's notice of removal, based only on plaintiff's statement of residence in the complaint, was sufficient to support removal based on diversity jurisdiction)); *see also Coronel v. Ford Motor Co.*, No. CV 19-09841 DSF (JEMx), 2020 WL 550690, at *2 (C.D. Cal. Feb. 4, 2020) (same).

12.    Upon information and belief, including the fact that Plaintiff resides in the State of California, Plaintiff is, and was at all relevant times, a citizen of the State of California. "[A]t the pleading stage, allegations of jurisdictional fact need not be proven unless challenged." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016); *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227–28 (9th Cir. 2019).

### 2. Albertson's LLC Is a Citizen of the States of Idaho and Delaware.

13.    In contrast to Plaintiff, Defendant is, and at all times relevant to the Complaint was, a citizen of Idaho and Delaware. (*See* Declaration of Naomi Nakamura-Dees ("Nakamura-Dees Decl."), ¶ 3.)

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION

14.    Defendant Albertson's LLC is a limited liability company. A limited liability company "is a citizen of any state of which a member of the company is a citizen." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.") Here, the sole member of Albertson's LLC is Albertsons Safeway LLC (Nakamura-Dees Decl., ¶ 4.)

15.    An analysis of the citizenship of Albertsons Safeway LLC reveals that it is a citizen of the States of Delaware and Idaho. (*Id.* ¶¶ 4, 5.) As a limited liability company, Albertsons Safeway LLC is also "a citizen of any state of which a member of the company is a citizen." *Johnson*, 437 F.3d at 899. The sole member of Albertsons Safeway LLC is Albertsons Companies, Inc.  (Nakamura-Dees Decl., ¶ 5.)  In other words, the citizenship of both Albertson's LLC and Albertsons Safeway LLC (two LLC's) turns on the citizenship of Albertsons Companies, Inc. (a corporation).

16.    For removal purposes, a corporation is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). Albertsons Companies, Inc. is a corporation and was incorporated in the State of Delaware. (Nakamura-Dees Decl., ¶ 6.) Therefore, under 28 U.S.C. § 1332(c)(1), Albertsons Companies, Inc. is a citizen of the State of Delaware.

17.    In addition, Albertsons Companies, Inc. is a citizen of Idaho because its headquarters and corporate offices, including its principal executive and administrative offices, are located in Boise, Idaho, and have been since before the filing of this lawsuit. The majority of Albertsons Companies, Inc.'s corporate officers and senior executives who direct, control, and coordinate its operations have offices that are, and have been since before the filing of this lawsuit, located at Albertsons Companies, Inc.'s corporate headquarters in Boise, Idaho. (Nakamura-Dees Decl., ¶¶ 6–7.)

18.     As explained above, the two relevant business entities for purposes of evaluating Albertson's LLC's citizenship are Albertsons Safeway LLC and Albertsons Companies, Inc.  Because Albertsons Safeway LLC and Albertsons Companies, Inc. are both citizens of Delaware and Idaho, Albertson's LLC is also a citizen of Delaware and Idaho.

19.     Accordingly, complete diversity exists between Plaintiff and Defendant.

20.     While Plaintiff asserts claims against "Doe" defendants who are fictitiously named and not served, they are not joined in this Petition and Notice, and shall be disregarded for the purpose of determining removal jurisdiction. 28 U.S.C. § 1441(b)(1). In determining whether diversity of citizenship exists, only the named defendants are considered. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

21.     Since Plaintiff in this case is a citizen of California and Defendant is a citizen of Delaware and Idaho, complete diversity exists between Plaintiff and Defendant, and therefore, minimum diversity exists for purposes of jurisdiction under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A).

**C.     More than 100 Members Make Up the Proposed Wage and Hour Classes.**

22.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) if, among the other requirements of section 1332(d), the action involves a putative class of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5)(B). Here, Plaintiff expressly alleges "that there are over 500 Class Members employed by Defendants within the State of California." (Ex. A, Compl., ¶ 17.)

23.     Plaintiff's wage and hour class (referred to in the Complaint as "Non-Exempt Employee Class") is defined in Paragraph 14 of the Complaint as follows: "All current and former employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1    until the time that notice of the class action is provided to the class." (Ex. A,

2    Compl., ¶ 14.) Because Plaintiff filed his Complaint on November 9, 2022, the

3    alleged liability period for his wage and hour claims seeking unpaid wages begins

4    on May 9, 2018, which factors in (1) the four-year statute of limitations for

5    Plaintiff's claims under California's Unfair Competition Law, California Business

6    and Professions Code §§ 17200-17208[1] and (2) the 178-day statute of limitations

7    tolling period. Cal. R. app. I Emergency Rule 9(a).

8        24.    As alleged, this is a massive putative class. It covers all non-exempt

9    current and former employees in all of Defendant's stores throughout California, all

10   of Defendant's non-exempt employees who work at its distribution centers, and all

11   of Albertson's non-exempt truck drivers. (Ex. A, Compl., ¶ 14.)

12       25.    For purposes of establishing that the proposed class makes up more

13   than 100 individuals, Defendant focuses on the number of *former* employees. The

14   number of non-exempt employees who (1) worked for Defendant at any time

15   between November 9, 2019, and November 9, 2022, and (2) are no longer employed

16   by Defendant is 17,730. (Taylor Decl., ¶ 3.) The proposed class is even larger than

17   17,730 individuals because it includes both current and former employees and

18   because it includes non-exempt employees who worked from May 9, 2018 to the

19   present.

20       26.    Should Plaintiff's proposed class be certified (which Defendant

21   opposes), it would consist of significantly more than 100 members.

22   / / /

---

25       [1] Here, Defendant is adopting the four-year statute of limitations for purposes
26   of this removal only.  Defendant reserves the right to argue on the merits that
     Plaintiff has no claim under the UCL and, thus, cannot claim a four-year statute of
27   limitations.  *See, e.g.*, *Bruno v. U.S. Renal Care, Inc.*, No. 2:21-cv-04617-FLA
     (MRWx), 2022 WL 2439525, at *7 (C.D. Cal. July 5, 2022) (dismissing, without
28   leave to amend, UCL claim based on alleged Labor Code violations).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**D.** **The Amount in Controversy Exceeds the $5 Million Jurisdictional Minimum.**

27.    Because this action meets the diversity and numerosity requirements discussed above, this Court has original jurisdiction over this action if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(d)(2). "[T]he claims of the individual class members shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

28.    When a defendant alleges the amount in controversy exceeds the CAFA threshold, the notice to remove need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 554 (2014) (holding the district court erroneously remanded to the state court when the defendant had submitted an affidavit in support of his calculation on the amount in controversy).

29.    "[A] removing defendant is not required to go so far as to prove Plaintiff's case for [him] by proving the actual rates of violation." *Gomez v. Michaels Stores, Inc.*, EDCV 15-2328-JGB-DTBx, 2016 WL 738196, at *3 (C.D. Cal. Feb. 22, 2016); *Garcia v. Wal-Mart Stores, Inc.*, No. CV 16-01645-BRO (RAO), 2016 WL 6068104, at *5 (C.D. Cal. Oct. 14, 2016) ("At this stage, a defendant is only required to prove the amount in controversy by a preponderance of the evidence, and in so doing may calculate the amount in controversy based on *reasonable assumptions*.") (emphasis in original); *Oda v. Gucci Am., Inc.*, No. 2:14-CV-07469-SVW (JPRx), 2015 WL 93335, at *5 (C.D. Cal. Jan. 7, 2015) (finding that a defendant opposing a motion to remand is "not required to comb through its records to identify and calculate the exact frequency of violations"); *Sanchez v. The Ritz Carlton*, No. CV 15-3484 PSG (PJWx), 2015 WL 4919972, at *3 (C.D. Cal. Aug. 8, 2015) (citing cases therein). "This is consistent with Congress' intent that

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

CAFA be interpreted expansively." *Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d 1025, 1031 (C.D. Cal. 2017).

30.    Defendant expressly denies Plaintiff's allegations and denies that any amount, whether constituting unpaid wages, penalties, or otherwise, is owed to Plaintiff or any putative class members. Defendant maintains that Plaintiff will recover nothing from this lawsuit. Nonetheless, for purposes of this jurisdictional analysis only, the amount in controversy based on the allegations in Plaintiff's Complaint and Defendant's employment data is estimated to be **$53,821,631**.

### 1.    Plaintiff's Class Claim for Waiting Time Penalties Places Approximately $43 Million in Controversy.

31.    In his Third Cause of Action, Plaintiff alleges that he and each putative class member of the Late Pay Class[2] is entitled to recover waiting time penalties pursuant to Labor Code section 203 based on Albertson's alleged violations of Labor Code sections 201 and 202. (Ex. A, Compl., at ¶¶ 35-44.) The potential liability period for Plaintiff's claim for penalties under Labor Code section 203 is November 9, 2019 to the present.[3]

32.    Defendant denies that it violated Labor Code sections 201 and 202, and that Plaintiff and the putative class members are entitled to recover waiting time penalties under Labor Code section 203. However, for purposes of this jurisdictional analysis *only*, Defendant relies on Plaintiff's allegations that Defendant owes waiting time penalties under Labor Code section 203 to all former non-exempt

---

[2] The Late Pay Class is defined as follows: "All former employees of Defendants within the State of California at any time commencing three (3) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, who did not receive all their wages upon termination and or resignation of their employment." ("Ex. A, Compl., ¶ 14.)

[3] Labor Code section 203 is subject to the three-year limitations period under Code of Civil Procedure section 338(a).  *See Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1395 (2010).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION

1    employees. *See Lewis v. Verizon Commc'ns, Inc*, 627 F.3d 395, 399 (9th Cir. 2010);

2    *Heejin Lim*, No. CV11-9183 PGS (PLAx), 2012 WL 359304, at *2.

3        33.    If an employer fails to pay wages due to an employee at the time the

4    employer terminates the employment or within 72 hours after resignation, as

5    required by Labor Code sections 201-202, then the wages "shall continue as a

6    penalty from the due date thereof at the same rate until paid or until an action

7    therefore is commenced" for up to a maximum of 30 days. *See* Cal. Lab. Code

8    § 203(a). Thus, penalty amounts are calculated by multiplying the number of former

9    employees in the proposed class by thirty days' wages. Thirty day's wages, in turn,

10   can be calculated by multiplying the average number of hours worked by the

11   average rate of pay. *See Ritenour*, 228 F. Supp. 3d at 1028-29 (explaining

12   calculation) (citing *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 985-86 (S.D.

13   Cal. 2005)).

14       34.    Plaintiff alleges that Defendant is liable for waiting time penalties

15   under Labor Code section 203 because it supposedly had "a pattern and practice of

16   not paying upon termination, the wages owed to [Plaintiff and other members of the

17   Late Pay Class] as a consequence of failing to pay non-exempt employees for all

18   hours worked." (Ex. A, Compl., ¶ 38.) Plaintiff also alleges Defendant had a

19   "pattern and practice" of failing to pay non-exempt employees for all hours worked.

20   (*Id.* at ¶ 33.) Thus, based on Plaintiff's allegations, it is reasonable, for purposes of

21   calculating the amount in controversy only, to assume that all putative class

22   members whose employment ended between November 9, 2019 and November 9,

23   2022[4] would be entitled to penalties under Labor Code section 203. *See Vasquez v.*

24   *RSI Home Prod., Inc.*, No. 820CV01494JWHJDEX, 2020 WL 6778772, at *9 (C.D.

25

26   _____

27       [4] For purposes of removal, Defendant reviewed data regarding Defendant's
     non-exempt employees in California from November 9, 2019 to November 9, 2022,
28   which is within Plaintiff's alleged liability period of May 9, 2018 through the
     present. (*See generally,* Taylor Decl.)

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

Cal. Nov. 12, 2020) (concluding that the defendant reasonably assumed that all former employees within the putative class could recover Labor Code section 203 penalties); *Salcido v. Evolution Fresh, Inc.*, No. 2:14-cv-09223-SVW-PLA, 2016 WL 79381, at *7 (C.D. Cal. Jan. 6, 2016) (full 30-day waiting time penalty applied for all terminated employees, even when based on derivative wage and hour claims calculated on less than a 100% violation rate); *Mackall v. Healthsource Global Staffing, Inc.*, No. 16-cv-03810-WHO, 2016 WL 4579099, at *6 (N.D. Cal. Sept. 2, 2016) (same).

35.    A total of 17,730 individuals (1) worked for Defendant between November 9, 2019 and November 9, 2022, and (2) ended their employment with Albertson's during that time (the "Terminated Employees"). (Taylor Decl., at ¶ 3.)

36.    The average hourly pay rate for these Terminated Employees is $16.19 (Taylor Decl., at ¶ 4.) Conservatively estimating that the Terminated Employees worked on average 5 hours per shift, then potential liability for penalties under Labor Code section 203 is **$43,057,305**.[5,6]

37.    Thus, Plaintiff's Fifth Cause of Action alone places the amount in controversy well above the $5,000,000 jurisdictional minimum.

**2.    Plaintiff's Claims for Failure to Pay Minimum Wages, Pay Overtime Wages, and Issue Compliant Wage Statements Further Increase the Amount in Controversy.**

38.    In his First, Second, and Fourth Causes of Action, Plaintiff alleges additional claims that increase the amount of controversy, but the vagueness of Plaintiff's pleading limits Albertson's ability to present an analysis of potential liability at this time. For example, in his First Cause of Action, Plaintiff claims that

---

[5] $16.19 (average hourly pay rate) * 5 (average hours worked per shift) * 30 days * 17,730 Terminated Employees = $43,057,305.

[6] The estimate of 5 hours per shift is very conservative. Plaintiff himself worked on average 6.78 hours per shift (*see* Taylor Decl., Ex. G).

1  Albertson's "requir[ed] Plaintiff and Non-Exempt Employee Class to work in excess

2  of eight hours per day and/or forty hours per week and without properly

3  compensating overtime wages." (Ex. A, Compl., at ¶ 27.) But Plaintiff failed to

4  allege how much time he and the putative class members supposedly worked off the

5  clock (which, if it occurred, was in direct violation of Albertson's policies), and he

6  failed to allege how much wages he and the putative class supposedly earned and

7  which Defendant supposedly did not pay. For purposes of the amount in

8  controversy, Defendant could offer an amount of the alleged off-the-clock work for

9  Plaintiff and the putative class, but given that the amount in controversy already

10 exceeds the jurisdictional minimum based on Plaintiff's Third Cause of Action,

11 Defendant reserves doing so at this time.

### 3. Potential Statutory Attorneys' Fees at the Rate of 25% Should also Be Considered in Calculating the Amount in Controversy.

15  39.   Using the under-inclusive, conservatively-calculated numbers

16 described above, the total amount in controversy based on Plaintiff's Third Cause of

17 Action is $43,057,305.

18  40.   Although unnecessary because the amount in controversy can be

19 established by reference to the alleged Labor Code violations discussed above,

20 courts also take into consideration the amount of potential exposure to the defendant

21 in statutory attorneys' fees, using a reasonable percentage of an additional 25% of

22 damages. *Salcido*, 2016 WL 79381, at *8; *Oda*, 2015 WL 93335, at *5.

23  41.   Plaintiff seeks attorneys' fees in this lawsuit and Labor Code section

24 203 specifically authorizes an award of attorneys' fees. Thus, an additional

25 **$10,764,326** in potential attorneys' fees is added to the amount in controversy.

26  42.   For the reasons set forth herein, the amount in controversy in this

27 matter is well above $5,000,000.

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION

**III.** **DEFENDANT'S REMOVAL IS TIMELY**

43.     Under U.S.C. § 1446(b), Defendant has thirty days from the date it was first served with a copy of the Complaint to remove this matter to the District Court. *See* 28 U.S.C. § 1446(b) ("[A] notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.").

44.     The Complaint was served on Defendant on December 2, 2022. (Ex. B.) Therefore, Defendant has until January 3, 2023 to file its removal papers.[7]

45.     Because Defendant has filed this removal on December 30, 2022, which is within thirty days after service of the Complaint, Defendant's removal of this action is timely.

WHEREFORE, Albertson's LLC hereby respectfully removes this action from the Superior Court of California in and for the County of San Diego to this United States District Court.

DATED:  December 30, 2022          PAYNE & FEARS LLP
                                   Attorneys at Law


By: _____
                                   JEFFREY K. BROWN

                                   Attorneys for Defendant Albertson's LLC
                                   Email: jkb@paynefears.com;

4877-6494-8546.3

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

---

[7] 30 days after December 2, 2022 is January 1, 2023 (a Sunday), and January 2, 2023 is a court holiday.

-13-

# TABLE OF CONTENTS

Exhibit A – Summons and Complaint.................................................................14

Exhibit B – Proof of Service of Summons......................................................35

Exhibit C – Notice of Case Assignment and CMC...........................................37

Exhibit D – Answer to Complaint ..................................................................39

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** ALBERTSON'S LLC, a Delaware limited
*(AVISO AL DEMANDADO):* liability company; and DOES 1 through
100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** WILLIAM DAVIS, on behalf of
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* himself and all others
similarly situated

<table>
<tr><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**11/09/2022** at 05:22:59 PM

Clerk of the Superior Court
By Ines Quirarte,Deputy Clerk
</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of San Diego<br>330 West Broadway<br>San Diego, California 92101 | **CASE NUMBER:**<br>*(Número del Caso):* 37-2022-00045420-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Michael Nourmand, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

THE NOURMAND LAW FIRM, APC
8822 West Olympic Boulevard, Beverly Hills, California 90211                (310) 553-3600

| DATE:<br>*(Fecha)* November 10, 2022 | Clerk, by  J. Quirarte<br>*(Secretario)*  I. Quirarte | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* ALBERTSON'S LLC, A DELAWARE LIMITED LIABILITY COMPANY

under: ☐ CCP 416.10 (corporation)               ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☒ other *(specify):* CORP CODE 17701.16
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder |



1 | Michael Nourmand, Esq. (SBN 198439)
James A. De Sario, Esq. (SBN 262552)
2 | Ivan P. Medina, Esq.
**THE NOURMAND LAW FIRM, APC**
3 | 8822 West Olympic Boulevard
Beverly Hills, California 90211
4 | Telephone (310) 553-3600
Facsimile  (310) 553-3603
5 |
Attorneys for Plaintiff,
6 | WILLIAM DAVIS, on behalf
of himself and all others similarly situated
7 |

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**11/09/2022** at 05:22:59 PM
Clerk of the Superior Court
By Ines Quirarte, Deputy Clerk

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF SAN DIEGO

11 | WILLIAM DAVIS, on behalf of himself and all others similarly situated )

12 |                                               )    CASE NO.: 37-2022-00045420-CU-OE-CTL
Plaintiffs,                    )
13 |                                               )    **CLASS ACTION COMPLAINT FOR**
**DAMAGES AND RESTITUTION**

14 |          v.                                )
1. FAILURE TO PAY OVERTIME WAGES;

15 |                                               )
2. FAILURE TO MINIMUM WAGE;

16 | ALBERTSON'S LLC, a Delaware limited liability company; and DOES 1 through 100, Inclusive )
3. FAILURE TO PAY ALL WAGES UPON TERMINATION;

17 |                                               )
4. FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS; and

18 | Defendants.                     )

19 |                                               )
5. UNFAIR COMPETITION

20 |                                               )
DEMAND FOR JURY TRIAL

21 |
22 |
23 |
24 |
25 |
26 | ///
27 | ///
28 | ///

1

1    COMES NOW plaintiff WILLIAM DAVIS (hereinafter "Mr. Davis" and/or

2  "Plaintiff") on behalf of himself and all others similarly situated, and alleges as follows:

3                              **GENERAL ALLEGATIONS**

4                                  **INTRODUCTION**

5        1.      This is a Class Action, pursuant to California Code of Civil Procedure §382, on

6  behalf of Plaintiff and all other current and former similarly situated employees employed by or

7  formerly employed by ALBERTSON'S LLC ("Albertson's") and any subsidiaries or affiliated

8  companies (hereinafter referred to as "Defendants"), within the State of California.

9        2.      For at least four (4) years prior to the filing of this action and through to the

10 present, Defendants on multiple occasions have had a pattern and practice of failing to pay wages

11 for all time worked, including overtime wages, as a result of requiring Plaintiff and other

12 California non-exempt employees to wait in line for COVID-19 temperature checks prior to the

13 start of their shift.

14       3.      Plaintiff, on behalf of himself and all other similarly situated employees, brings this

15 action pursuant to, including but not limited to, California Labor Code §§ 200, 201, 202, 203, 226,

16 510, 1194, 1194.2, 1197 and California Code of Regulations, Title 8, §11070, seeking unpaid

17 overtime and minimum wages, penalties, and reasonable attorney's fees and costs.

18       4.      Plaintiff, on behalf of himself and all other similarly situated employees, pursuant

19 to California Business & Professions Code §§17200-17208 also seeks all monies owed but

20 withheld and retained by Defendants to which Plaintiff and members of the Class are entitled.

21                                    **PARTIES**

22       **A.    Plaintiff**

23       5.      Venue as to each defendant is proper in this judicial district, pursuant to California

24 Code of Civil Procedure §395. Defendants operate and do business in California, and each

25 defendant is within the jurisdiction of this court for service of process purposes. The unlawful acts

26 alleged herein have a direct effect on Plaintiff and those similarly situated within the State of

27 California. Defendants employ numerous Class Members in the State of California.

28 ///

17

1    6.    Plaintiff, Mr. Davis, is a resident of the State of California. At all relevant

2 times herein, he has been employed by Defendants as a non-exempt employee in California.

3    **B.    Defendants**

4    7.    Defendant, Albertson's, a Delaware limited liability company, is an American

5 grocery company with over 100 store locations within the State of California. Albertson's

6 employed Plaintiff and similarly situated persons within the State of California.

7    8.    The true names and capacities, whether individual, corporate, associate, or

8 otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to

9 Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure

10 §474. Plaintiff is informed and believes, and based thereon alleges, that each of the defendants

11 designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to

12 herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and

13 capacities of the defendants designated hereinafter as DOES when such identities become known.

14    9.    Plaintiff is informed and believes, and based thereon alleges, that each defendant

15 acted in all respect pertinent to this action as the agent of the other defendant, carried out a joint

16 scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are

17 legally attributable to the other defendants.

18                                **FACTUAL BACKGROUND**

19    10.    Defendants on multiple occasions have had a pattern and practice of not

20 compensating Plaintiff and other similarly situated employees wages for all time worked,

21 including overtime wages, as a result of requiring Plaintiff and other California non-exempt

22 employees to wait in line for COVID-19 temperature checks prior to the start of their shift and not

23 compensating them for this work time. That is, Plaintiff and other non-exempt employees were

24 required to wait in line and undergo temperature checks for COVID-19 prior to the start of their

25 shift. Plaintiff and other non-exempt employees could not use this time for their own purposes. As

26 such, Amazon exercised sufficient control over Plaintiff and other non-exempt employees during

27 these required temperature checks and owes them wages for this time.

28 ///

3

18

1      11.    Plaintiff and other similarly situated non-exempt employees or former non-exempt

2  employees at all times pertinent hereto were not exempt from the overtime provisions of California

3  law, and the implementing rules and regulations of the IWC California Wage Orders.

4      12.    Defendants on multiple occasions have failed to comply with Labor Code §226(a)

5  by not providing itemized wage statements accurately showing, including but not limited to, total

6  hours worked and all earned wages at applicable rates.

7      13.    At the time Plaintiff's employment and the employment of other former non-

8  exempt employees of Defendants ended, Defendants willfully failed to pay wages for all time

9  worked.

10                          **CLASS ACTION ALLEGATIONS**

11      14.    Plaintiff brings this action on behalf of himself, and all others similarly situated,

12  as a class action pursuant to California Code of Civil Procedure §382.  Plaintiff seeks to represent

13  three Classes composed of and defined as follows:

14          **Non-Exempt Employee Class**

15          All current and former employees of Defendants within the State of California at
            any time commencing four (4) years preceding the filing of Plaintiff's complaint up
16          until the time that notice of the class action is provided to the class (collectively
            referred to as "Non-Exempt Employee Class").
17

18          **Late Pay Class**

19          All former employees of Defendants within the State of California at any time
            commencing three (3) years preceding the filing of Plaintiff's complaint up until the
20          time that notice of the class action is provided to the class, who did not receive all
            their wages upon termination and or resignation of their employment (collectively
21          referred to as "Late Pay Class").

22          **Wage Statement Class**

23          All current and former employees of Defendants within the State of California, to
            whom, at any time commencing one (1) year preceding the filing of Plaintiff's
24          complaint up until the time that notice of the class action is provided to the class,
            were provided with wage statements (collectively referred to as "Wage Statement
25          Class").

26      15.    Plaintiff reserves the right under California Rules of Court Rule 3.765(b), to amend

27  or modify the class description with greater specificity or further division into subclasses or

28  limitation to particular issues.

1    16.    This action has been brought and may properly be maintained as a class action

2  under the provisions of California <u>Code of Civil Procedure</u> §382 because there is a well-defined

3  community of interest in the litigation and the proposed Class is easily ascertainable.

4    **A.    <u>Numerosity</u>**

5    17.    The potential members of the Class as defined are so numerous that joinder of all

6  the members of the Class is impracticable.  While the precise number of Class Members has not

7  been determined at this time, Plaintiff is informed and believes that there are over 500 Class

8  Members employed by Defendants within the State of California.

9    18.    Accounting for employee turnover during the relevant periods necessarily increases

10 this number.  Plaintiff alleges Defendants' employment records would provide information as to

11 the number and location of all Class Members.  Joinder of all members of the proposed Class is

12 not practicable.

13   **B.    <u>Commonality</u>**

14   19.    There are questions of law and fact common to Class Members.  These common

15 questions include, but are not limited to:

16       (1)    Did Defendants violate <u>Labor Code</u> §1194 by not compensating Class

17             Members overtime wages?

18       (2)    Did Defendants violate <u>Labor Code</u> §§ 201 and 202 by failing to pay Class

19             Members upon termination or resignation all wages earned?

20       (3)    Are Defendants liable to Class Members for penalty wages under <u>Labor</u>

21             <u>Code</u> § 203?

22       (4)    Did Defendants violate <u>Labor Code</u> § 226(a) by not furnishing Class

23             Members with accurate wage statements?

24       (5)    Did Defendants violate the Unfair Competition Law, <u>Business and</u>

25             <u>Professions Code</u> §17200, *et seq.*, by its unlawful practices as alleged

26             herein?

27       (6)    Are Class Members entitled to restitution of penalty wages under <u>Business</u>

28             <u>and Professions Code</u> § 17203?

1     (7) Are Class Members entitled to attorney's fees?

2     (8) Are Class Members entitled to interest?

3  **C.** **Typicality**

4   20. The claims of Plaintiff herein alleged are typical of those claims which could be
5 alleged by any member of the classes, and the relief sought is typical of the relief which would be
6 sought by each of the members of the classes in separate actions. Plaintiff and all members of the
7 Classes sustained injuries and damages arising out of and caused by Defendants' common course
8 of conduct in violation of laws and regulations that have the force and effect of law and statutes as
9 alleged herein.

10  **D.** **Adequacy of Representation**

11   21. Plaintiff will fairly and adequately represent and protect the interests of the
12 members of the Classes. Counsel who represents Plaintiff is competent and experienced in
13 litigating wage and hour class actions.

14  **E.** **Superiority of Class Action**

15   22. A class action is superior to other available means for the fair and efficient
16 adjudication of this controversy. Individual joinder of all Class Members is not practicable, and
17 questions of law and fact common to the Class predominate over any questions affecting only
18 individual members of the Class. Each member of the Class has been damaged and is entitled to
19 recovery by reason of Defendants' illegal pattern and practice of failing to pay wages for all time
20 worked, failing to provide accurate itemized wage statements, and failing to pay all wages due
21 upon termination and/or resignation, as described herein.

22   23. Class action treatment will allow those similarly situated persons to litigate their
23 claims in the manner that is most efficient and economical for the parties and the judicial system.
24 Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this
25 action that would preclude its maintenance as a class action.

26 ///

27 ///

28 ///

# FIRST CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES

### (By Plaintiff and the Class Against All Defendants)

24. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

25. At all times relevant to this complaint, California Labor Code §510 was in effect and provided: "(a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Overtime pay is computed based on the regular rate of pay. The regular rate of pay includes many different kinds of remuneration. Under California law, the determination of regular rate of pay for purposes of determining overtime pay must include the employee's commissions, bonuses, or other non-hourly compensation.

26. At all times herein mentioned, Plaintiff and Non-Exempt Employee Class regularly worked for Defendants during shifts that consisted of more than eight hours in a work day and/or more than forty hours in a work week and on multiple occasions these employees have not been paid overtime wages as a result of requiring Plaintiff and other California non-exempt employees to wait in line for COVID-19 temperature checks prior to the start of their shifts.

27. Accordingly, by requiring Plaintiff and Non-Exempt Employee Class to work in excess of eight hours per day and/or forty hours per week and without properly compensating overtime wages, as described herein, Defendants willfully violated the provisions of Labor Code §1194.

28. As a result of the unlawful acts of Defendants, Plaintiff and the Non-Exempt Employee Class have been deprived of overtime wages in an amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorney's fees, and costs, pursuant to Labor Code §§1194 and 1199; Code of Civil Procedure §1021.5; and Civil Code §3287.

///

# SECOND CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES UPON TERMINATION

### (By Plaintiff and the Class Against All Defendants)

29.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

30.    At all relevant times, Plaintiff and the members of the Non-Exempt Employee Class were employees of Defendants covered by Labor Code §1197 and applicable Wage Orders.

31.    Pursuant to Labor Code §1197 and applicable Wage Orders, Plaintiff and the members of the Non-Exempt Employee Class were entitled to receive minimum wages for all hours worked.

32.    At all times herein mentioned, to the extent that Plaintiff and Non-Exempt Employee Class worked for Defendants during shifts that were less than eight hours in a work day and/or less than forty hours in a work week, on multiple occasions these employees have not been paid minimum wage, as a result of not being compensated for all hours worked, as described herein.

33.    Defendants failure to pay Plaintiff and members of the Non-Exempt Employee Class minimum wages for all hours worked, as described herein, is in violation of Labor Code §1197 and applicable Wage Orders.  As a result of Defendants' pattern and practice, Plaintiff and members of the Non-Exempt Employee Class have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked.

34.    Pursuant to Labor Code §§ 1194 and 1194.2, Plaintiff and members of the Non-Exempt Employee Class are entitled to recover the full amount of unpaid minimum wages, prejudgment interest, liquidated damages, reasonable attorneys' fees, and costs of suit.

///

///

///

///

**8**

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY ALL WAGES UPON TERMINATION**

**(By Plaintiff and the Class Against All Defendants)**

35.   Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

36.   At all relevant times, Plaintiff and other members of the Late Pay Class were employees of Defendants covered by Labor Code §§ 201 and 202.

37.   Pursuant to Labor Code §§ 201 or 202, Plaintiff and other members of the Late Pay Class were entitled upon termination to timely payment of all wages earned and unpaid prior to termination.  Discharged employers were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.  Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

38.   Defendants failed to pay Plaintiff and other members of the Late Pay Class all wages earned and unpaid prior to termination in accordance with Labor Code §§ 201 or 202. Plaintiff and other members of the Late Pay Class are informed and believe and thereon allege that within the applicable limitations period, Defendants had a pattern and practice of not paying upon termination, the wages owed to them as a consequence of failing to pay non-exempt employees for all hours worked, as described herein.

39.   Defendants' failure to pay Plaintiff and members of the Late Pay Class all wages earned prior to termination in accordance with Labor Code §§ 201 and 202 was wilful. Defendants had the ability to pay all wages earned by Plaintiff and other members of the Late Pay Class at the time of termination in accordance with Labor Code §§ 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code §§ 201 and 202.

40.   Pursuant to Labor Code §§ 201 and 202, Plaintiff and other members of the Late Pay Class are entitled to all wages earned prior to termination that Defendants failed to pay them.

///

9

**CLASS ACTION COMPLAINT**

1    41.    Pursuant to <u>Labor Code</u> § 203, Plaintiff and other members of the Late Pay Class
2 are entitled to penalty wages from the date their earned and unpaid wages were due, upon
3 termination, until paid, up to a maximum of 30 days.

4    42.    As a result of Defendants' unlawful conduct Plaintiff and other members of the
5 Late Pay Class have suffered damages in an amount subject to proof, to the extent they were not
6 paid for all wages earned prior to termination.

7    43.    As a result of Defendants' unlawful conduct Plaintiff and the other members of the
8 Late Pay Class have suffered damages in an amount subject to proof, to the extent they were not
9 paid all penalty wages owed under <u>Labor Code</u> § 203.

10    44.    Pursuant to <u>Labor Code</u> §§ 218 and 218.5, Plaintiff and the other members of the
11 Late Pay Class are entitled to recover the full amount of their unpaid wages, penalty wages under
12 <u>Labor Code</u> § 203, reasonable attorney's fees, and costs of suit. Pursuant to <u>Labor Code</u> § 218.6 or
13 <u>Civil Code</u> § 3287(a), Plaintiff and the other members of the Late Pay Class are entitled to recover
14 prejudgment interest on the amount of their unpaid wages and unpaid penalty wages.

15 **FOURTH CAUSE OF ACTION**

16 **<u>FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS</u>**

17 **(By Plaintiff and the Class Against All Defendants)**

18    45.    Plaintiff realleges and incorporates by reference all of the allegations contained in
19 the preceding paragraphs of this Complaint as though fully set forth herein.

20    46.    At all relevant times, Plaintiff and the other members of the Wage Statement Class
21 were employees of Defendants covered by <u>Labor Code</u> § 226.

22    47.    Pursuant to <u>Labor Code</u> § 226(a), Plaintiff and the other members of the Wage
23 Statement Class were entitled to receive, semi-monthly or at the time of each payment of wages,
24 an accurate itemized statement showing gross wages earned, net wages earned, all applicable
25 hourly rates in effect during the pay period and the corresponding number of hours worked at each
26 hourly rate by the employee.

27 ///

28 ///

1  48.  Defendants failed to provide Plaintiff and the other members of the Wage

2  Statement Class accurate itemized wage statements in accordance with Labor Code § 226(a).

3  49.  Plaintiff and the other members of the Wage Statement Class are informed and

4  believe and thereon allege that at all relevant times, Defendants maintained and continue to

5  maintain a policy and practice of issuing wage statements that do not show, including but not

6  limited to, all hours worked and all earned wages and pay due for all hours worked at applicable

7  rates of pay.  Defendants' practices resulted and continue to result in, the issuance of Wage

8  Statements to Plaintiff and other members of the Class that do not comply with the itemization

9  requirements.

10  50.  Defendants' failure to provide Plaintiff and other members of the Wage Statement

11  Class with accurate Wage Statements was knowing and intentional.  Defendants had the ability to

12  provide Plaintiff and the other members of the Wage Statement Class with accurate Wage

13  Statements, but intentionally provided wage statements that Defendants knew were not accurate.

14  51.  As a result of Defendants' unlawful conduct, Plaintiff and the other members of the

15  Wage Statement Class have suffered injury.  The absence of accurate information on their wage

16  statements has delayed timely challenge to Defendants' unlawful pay practices, requires discovery

17  and mathematical computations to determine the amount of wages owed, causes difficulty and

18  expense in attempting to reconstruct time and pay records, and led to submission of inaccurate

19  information about wages and amounts deducted from wages to state and federal government

20  agencies.

21  52.  Pursuant to Labor Code § 226(e), Plaintiff and other members of the Wage

22  Statement Class are entitled to recover $50 for the initial pay period during the period in which

23  violation of Labor Code § 226 occurred and $100 for each violation of Labor Code § 226 in a

24  subsequent pay period, not to exceed an aggregate penalty of $4,000 per employee.

25  53.  Pursuant to Labor Code § 226(e) and § 226(g), Plaintiff and the other members of

26  the Wage Statement Class were entitled to recover the full amount of penalties due under Labor

27  Code § 226(e) reasonable attorney's fees and costs of suit.

28  ///

11

# FIFTH CAUSE OF ACTION

## UNFAIR COMPETITION

### (By Plaintiff and Class Members Against All Defendants)

54.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

55.    The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business & Professions Code § 17200. Due to their unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the state of California that comply with their obligations to compensate employees in accordance with the Labor Code.

56.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and similarly situated Class Members have suffered injury in fact and lost money or property. Plaintiff and similarly situated Class Members have been deprived from not being compensated wages for all hours worked, as described herein.

57.    Pursuant to Business & Professions Code § 17203, Plaintiff and similarly situated Class Members are entitled to restitution of all wages and other monies owed to them under the Labor Code, including interest thereon, in which they had a property interest which Defendants failed to pay them but withheld and retained for themselves. Restitution of the money owed to Plaintiff and similarly situated Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure to comply with the Labor Code.

58.    Plaintiff and similarly situated Class Members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

///

///

///

///

///

27

1        **PRAYER**

2        WHEREFORE, on behalf of himself and all others similarly situated, Plaintiff prays for

3   judgment against Defendants as follows:

4        A.      An order certifying that Plaintiff may pursue his claims against Defendants as a

5   class action on behalf of the Class Members;

6        B.      An order appointing Plaintiff as Class representative and appointing Plaintiff's

7   counsel as class counsel;

8        C.      Penalties for inaccurate wage statements under Labor Code §226(e);

9        D.      Damages for unpaid wages under Labor Code §§201 or 202;

10       E.      Damages for unpaid penalty wages under Labor Code §203;

11       F.      Liquidated damages for unpaid minimum wage;

12       G.      Damages for unpaid overtime wages under Labor Code §1194;

13       H.      Restitution under Business and Professions Code §17203;

14       I.      Pre-judgment interest;

15       J.      Costs;

16       K.      Reasonable attorney's fees; and

17       L.      Such other and further relief as the Court deems just and proper.

18

19   DATED: November 9, 2022                    THE NOURMAND LAW FIRM, APC

20

21                              By:     _____

22                                      Michael Nourmand, Esq.
                                        James A. De Sario, Esq.
23                                      Ivan P. Medina, Esq.
                                        Attorneys for Plaintiff

24

25

26

27

28

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
|---|---|
| STREET ADDRESS: 330 W Broadway | |
| MAILING ADDRESS: 330 W Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101-3827 | |
| DIVISION: Central | |
| TELEPHONE NUMBER: (619) 450-7075 | |

| PLAINTIFF(S) / PETITIONER(S):    Davis Williams |
|---|
| DEFENDANT(S) / RESPONDENT(S):    Albertson's LLC |

| WILLIAMS VS ALBERTSON'S LLC [IMAGED] | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)** | CASE NUMBER:<br>37-2022-00045420-CU-OE-CTL |

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  James A Mangione                                    Department: C-75

## COMPLAINT/PETITION FILED: 11/09/2022

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 04/14/2023 | 10:30 am | C-75 | James A Mangione |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

Exhibit A, Page 28

# NOTICE OF E-FILING REQUIREMENTS
# AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

Exhibit A, Page 29



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2022-00045420-CU-OE-CTL        CASE TITLE: Williams vs Albertson's LLC [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
           (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
           (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
           (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

Exhibit A, Page 30

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO | *FOR COURT USE ONLY* |
|---|---|
| STREET ADDRESS:      330 West Broadway | |
| MAILING ADDRESS:    330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827 | |
| BRANCH NAME:          Central | |

| PLAINTIFF(S):    Davis Williams |
|---|
| DEFENDANT(S): Albertson's LLC |
| SHORT TITLE:    WILLIAMS VS ALBERTSON'S LLC [IMAGED] |

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2022-00045420-CU-OE-CTL |
|---|---|

Judge: James A Mangione                                               Department: C-75

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐  Mediation (court-connected)                 ☐  Non-binding private arbitration

☐  Mediation (private)                         ☐  Binding private arbitration

☐  Voluntary settlement conference (private)   ☐  Non-binding judicial arbitration (discovery until 15 days before trial)

☐  Neutral evaluation (private)                ☐  Non-binding judicial arbitration (discovery until 30 days before trial)

☐  Other (*specify e.g., private mini-trial, private judge, etc.*): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____        Date: _____

_____        _____
Name of Plaintiff                                Name of Defendant

_____        _____
Signature                                        Signature

_____        _____
Name of Plaintiff's Attorney                     Name of Defendant's Attorney

_____        _____
Signature                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  11/10/2022                               _____
                                                 JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**                Page: 1

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Michael Nourmand, Esq.   SBN: 198439; 323360<br>THE NOURMAND LAW FIRM, APC<br>8822 West Olympic Boulevard, Beverly Hills, California 90211<br>TELEPHONE NO.: (310) 553-3600   FAX NO. *(Optional)*: (310) 553-3603<br>E-MAIL ADDRESS:<br>ATTORNEY FOR *(Name)*: Plaintiff, William Davis | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**11/09/2022** at 05:22:59 PM<br><br>Clerk of the Superior Court<br>By Ines Quirarte,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, 92101
BRANCH NAME: Central Division

CASE NAME: William Davis v. Albertson's LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 37-2022-00045420-CU-OE-CTL |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | |
| | | | | JUDGE: Judge James A Mangione<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: 5
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date: November 9, 2022
Ivan P. Medina, Esq.
_____ ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box for the case type that best describes the case.** If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

Exhibit A, Page 34

# EXHIBIT B

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
James De Sario, Esq.
The Nourmand Law Firm, APC
8822 West Olympic Boulevard  Beverly Hills, CA 90211

TELEPHONE NO.: (310) 553-3600 | FAX NO. (310) 553-3603 | E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*  Plaintiff

*FOR COURT USE ONLY*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/09/2022** at 12:21:00 PM

Clerk of the Superior Court
By E- Filing, Deputy Clerk

**SAN DIEGO COUNTY SUPERIOR COURT**

STREET ADDRESS: 330 W. BROADWAY

MAILING ADDRESS:

CITY AND ZIP CODE: SAN DIEGO, CA 92101-3409

BRANCH NAME: CENTRAL DIVISION

PLAINTIFF:  William Davis, on behalf of himself and all others similarly situated

DEFENDANT:  Albertson's LLC, a Delaware limited company; and DOES 1 through, 100, Inclusive

CASE NUMBER:

37-2022-00045420-CU-OE-CTL

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>William Davis |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ Summons
   b. ☐ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* **Class Action Complaint; Civil Case Cover Sheet; Notice of Case Assignment and Case Management Conference (Civil)**

3. a. Party served *(specify name of party as shown on documents served):*

   **Albertson's LLC, a Delaware limited liability company**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Diane Ruiz (CT Corporation System) - Agent for service of process**

4. Address where the party was served:  **C T CORPORATION SYSTEM**
   **330 N BRAND BLVD., SUITE 700**
   **GLENDALE, CA 91203**

5. I served the party *(check proper box)*

   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **12/2/2022**   (2) at *(time):* **12:55 PM**

   b. ☐ **by substituted service.** On *(date):* at  *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
      *(date):*  from *(city):*                                    **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
POS010-1/802273

Exhibit B, Page 35

PETITIONER: **William Davis, on behalf of himself and all others similarly situated**

RESPONDENT: **Albertson's LLC, a Delaware limited company; and DOES 1 through, 100, Inclusive**

| CASE NUMBER: |
| --- |
| **37-2022-00045420-CU-OE-CTL** |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*           (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **Albertson's LLC, a Delaware limited liability company**
    under the following Code of Civil Procedure section:

| | |
| --- | --- |
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☑ other: **Corp Code 17701.16** |

7. **Person who served papers**

a. Name: **Victor Mendez - All-N-One Legal Support, Inc.**

b. Address: **1541 Wilshire Blvd, Suite 405  Los Angeles, CA 90017**

c. Telephone number: **(213) 202-3990**

d. **The fee** for service was: **$ 72.50**

e. I am:

    (1) ☐ not a registered California process server.

    (2) ☑ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ registered California process server:

        (i) ☐ owner   ☐ employee   ☑ independent contractor.

        (ii) Registration No.: **3428**

        (iii) County: **Los Angeles**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **12/7/2022**

**All-N-One Legal Support, Inc.**
**1541 Wilshire Blvd, Suite 405**
**Los Angeles, CA 90017**
**(213) 202-3990**
**www.allnonelegal.com**

           **Victor Mendez**
      (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)   ▶      (SIGNATURE)

# EXHIBIT C

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
|---|---|
| STREET ADDRESS: 330 W Broadway | |
| MAILING ADDRESS: 330 W Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101-3827 | |
| DIVISION: Central | |
| TELEPHONE NUMBER: (619) 450-7075 | |

| PLAINTIFF(S) / PETITIONER(S):   Davis Williams |
|---|
| DEFENDANT(S) / RESPONDENT(S):   Albertson's LLC |

| WILLIAMS VS ALBERTSON'S LLC [IMAGED] | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)** | CASE NUMBER: 37-2022-00045420-CU-OE-CTL |

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:   James A Mangione                    Department: C-75

**COMPLAINT/PETITION FILED:** 11/09/2022

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 04/14/2023 | 10:30 am | C-75 | James A Mangione |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

Exhibit C, Page 37

# NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

Exhibit C, Page 38

# EXHIBIT D

1   Jeffrey K. Brown, Bar No. 162957
    jkb@paynefears.com
2   Ray E. Boggess, Bar No. 260384
    reb@paynefears.com
3   Taylor B. Brown, Bar No. 322449
    tbb@paynefears.com
4   PAYNE & FEARS LLP
    Attorneys at Law
5   4 Park Plaza, Suite 1100
    Irvine, California 92614
6   Telephone: (949) 851-1100
    Facsimile: (949) 851-1212
7
    Attorneys for Albertson's LLC
8

9           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10              **COUNTY OF SAN DIEGO, CENTRAL**

11

12  WILLIAM DAVIS, on behalf of himself and     Case No. 37-2022-00045420-CU-OE-CTL
    all others similarly situated,
13                                              [*Assigned to Honorable James A. Mangione
                    Plaintiffs,                 Department C-75*]
14
            v.
15                                              **ALBERTSON'S LLC'S ANSWER TO**
    ALBERTSON'S LLC, a Delaware limited         **PLAINTIFF WILLIAM DAVIS**
16  liability company; and DOES 1 through 100,  **COMPLAINT**
    Inclusive,
17                                              Judge:    Hon. James A. Mangione
                    Defendants.
18

19                                              Action Filed:        November 9, 2022

20

21                      **GENERAL DENIAL**

22          Pursuant to the provisions of California Code of Civil Procedure section 431.30,

23  subdivision (d), Defendant Albertson's LLC ("Defendant") denies, generally and specifically,

24  each and every allegation contained in the Complaint filed herein by Plaintiff William Davis

25  ("Plaintiff").  Defendant denies, generally and specifically, that Plaintiff and the putative class

26  members have been damaged in any sum, or at all, by reason of any act or omission on the part of

27  Defendant.  Defendant further denies, generally and specifically, that Plaintiff and the putative

28  class members are entitled to any relief whatsoever.

-1-

Exhibit D, Page 39

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## AFFIRMATIVE DEFENSES

Defendant pleads the following separate defenses. Defendant reserves the right to assert additional affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.    As a separate and first affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.    As a separate and second affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that the purported causes of action asserted in the Complaint are barred by such statutes of limitations as may be applicable, including, but not limited to, Code of Civil Procedure sections 338(a), 340(a), and 343, Labor Code section 203(b), and Business and Professions Code section 17208, to the extent that Plaintiff and/or any putative class member has stated valid claims to which those provisions apply; and those applicable to claims under the Labor Management Relations Act, 28 U.S.C. § 141 *et seq*., the National Labor Relations Act, 29 U.S.C. § 151 *et seq*., and *DelCostello v. Teamsters*, 462 U.S. 151 (1983).

## THIRD AFFIRMATIVE DEFENSE

### (Justification)

3.    As a separate and third affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Defendant's actions with respect to the subject matter in each of the alleged causes of action were undertaken in good faith and for good cause, with the absence of malicious intent to injure Plaintiff or any putative class member, and constitute lawful, proper and justified means to further Defendant's purpose to engage in business activities. Defendant further alleges that a good faith dispute exists as to all of Plaintiff's allegations of unpaid wages and violations of the Labor Code.

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## FOURTH AFFIRMATIVE DEFENSE

### (No Injury or Damage)

4.      As a separate and fourth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that neither Plaintiff nor any putative class member has been injured or damaged as a proximate result of any act or omission for which Defendant is responsible.

## FIFTH AFFIRMATIVE DEFENSE

### (Consent)

5.      As a separate and fifth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff and the putative class members are barred in whole or in part from bringing the purported causes of action set forth in the Complaint because Plaintiff, the putative class members, and the persons and/or entities acting on their behalf, consented to and acquiesced in the subject conduct.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

6.      As a separate and sixth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff and the putative class members are barred in whole or in part from bringing the purported causes of action set forth in the Complaint by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

7.      As a separate and seventh affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff and the putative class members are barred in whole or in part from bringing the purported causes of action set forth in the Complaint by the doctrine of laches.

/ / /

/ / /

/ / /

ALBERTSON'S LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

**PAYNE & FEARS LLP**
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1

2

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

8.    As a separate and eighth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff and the putative class members are barred in whole or in part from bringing the purported causes of action set forth in the Complaint by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

**(Waiver)**

9.    As a separate and ninth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff and the putative class members are barred in whole or in part from bringing the purported causes of action set forth in the Complaint by the doctrine of waiver.

**TENTH AFFIRMATIVE DEFENSE**

**(Settlement, Release, and Waiver of Claims)**

10.    As a separate and tenth affirmative defense to the Complaint and to the purported causes of action contained therein, Defendant alleges that the purported causes of action asserted in the Complaint are barred in whole or in part by prior settlement and/or severance agreements that cover Plaintiff and some and/or all of the putative class members.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Res Judicata/Collateral Estoppel)**

11.    As a separate and eleventh affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that the purported causes of action asserted in the Complaint are barred in part or in whole by the doctrine of Res Judicata/Collateral Estoppel, in that some or all of the claims asserted in the Complaint have been previously adjudicated, or could have been adjudicated, in prior actions.

/ / /

/ / /

/ / /

-4-

ALBERTSON'S LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

**TWELFTH AFFIRMATIVE DEFENSE**

**(Uncertainty)**

12.     As a separate and twelfth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff's losses, and those of any putative class member, if any, are speculative or uncertain or both, and therefore not compensable.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

13.     As a separate and thirteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff and any putative class members' claims for monetary relief are barred or reduced by the doctrine of unjust enrichment.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Bad Faith and Frivolous Action)**

14.     As a separate and fourteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff's Complaint, and each alleged cause of action contained therein, was brought by Plaintiff in bad faith and is frivolous, and by reason of the conduct stated herein, Defendant is entitled to, and will seek, reasonable expenses, including attorneys' fees, incurred in defending this action pursuant to Code of Civil Procedure Code sections 128.5 and 128.7.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Mandatory Union Grievance and Arbitration Provisions)**

15.     As a separate and fifteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that each and every cause of action asserted is barred in whole or in part by the failure to timely exhaust the applicable mandatory grievance and arbitration agreements contained in the collective bargaining agreement between Defendant and the union(s) representing Plaintiff and any putative class member.

/ / /

/ / /

/ / /

PAYNE & FEARS LLP

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Garmon Preemption)

16.    As a separate and sixteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff's claims and those of the putative class are barred because they are preempted pursuant to *San Diego Building Trades v. Garmon*, 359 U.S.C. 236, 79 S.Ct. 773 (1959) and 29 U.S.C. § 158.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (LMRA Section 301 Preemption)

17.    As a separate and seventeenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that each and every cause of action asserted by Plaintiff or any putative class members is preempted under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) because they arise from, or require interpretation of, the collective bargaining agreements between Defendant and the unions representing Plaintiff and any putative class members.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (FAAAA Preemption)

18.    As a separate and eighteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that each and every cause of action asserted by Plaintiff and/or any putative class members is preempted by the Federal Aviation Administration Authorization Act of 1994, which prohibits states from enacting or enforcing laws "related to a price, route or service" of any motor carrier.  49 U.S.C. § 14501(c)(1).

## NINETEENTH AFFIRMATIVE DEFENSE

### (DOT Regulations/MCA Preemption)

19.    As a separate and nineteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that each and every cause of action asserted by Plaintiff and/or any putative class members is preempted by the Department of Transportation Regulations and/or the Motor Carrier Act.

/ / /

Exhibit D, Page 44

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## TWENTIETH AFFIRMATIVE DEFENSE

### (Overtime Exemption)

20.     As a separate and twentieth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff's claims and those of the putative class members are barred because they are exempt from the overtime requirements of California Labor Code section 510, pursuant to valid collective bargaining agreements and California Labor Code section 514.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Knowledge of Uncompensated Work)

21.     As a separate and twenty-first affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that it had no knowledge of nor should it have had knowledge of, any alleged uncompensated work by Plaintiff or any putative class member, and did not authorize, require, request, suffer, or permit such activity.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Defendant Did Not Act Willfully)

22.     As a separate and twenty-second affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that it did not willfully, intentionally, arbitrarily, or without just cause deprive any persons of any wages to which they were entitled under California law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Arbitration)

23.     As a separate and twenty-third affirmative defense to the Complaint and to the purported causes of action contained therein, Defendant alleges that the Complaint and causes of action alleged therein are improperly before this Court because Plaintiff and putative class members are bound by an arbitration agreement which provides that Plaintiff and the putative class member must submit his or her claims against Defendant to final and binding arbitration.

/ / /

/ / /

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (*De Minimis* Doctrine)

24.     As a separate and twenty-fourth affirmative defense to the Complaint and to the purported cause of action contained therein, Defendant alleges that the Complaint, and the purported wage and hour allegations contained therein, are barred in whole or in part to the extent the *de minimis* doctrine applies to Plaintiff's claims and those of the putative class members.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### (Offset)

25.     As a separate and twenty-fifth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that the claims for monetary relief of Plaintiff and the putative class members are barred or reduced by the doctrine of offset, in that any money owed to Plaintiff and/or any putative class member must be reduced by the amount of money paid to them that was not owed.  Defendant is entitled to a credit for all overpayments.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

#### (Substantial Compliance)

26.     As a separate and twenty-sixth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff's claims, and those of the putative class members, based on alleged violations of the Labor Code are barred in whole or in part by the doctrine of substantial compliance in that Defendant fully complied and/or substantially complied with all of its obligations under the Labor Code.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Labor Code Exemptions)

27.     As a separate and twenty-seventh affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff's claims, and those of the putative class members, are barred in whole or in part by the exemptions set forth in the Labor Code, including, but not limited to, Labor Code section 514 (setting forth an exemption to the overtime requirements for employees covered by a compliant collective bargaining agreement).

/ / /

Exhibit D, Page 46

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (IWC Wage Orders Exemptions)

28.     As a separate and twenty-eighth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff's claims, and those of the putative class members, are barred in whole or in part by the exemptions set forth in the applicable IWC Wage Orders.  For example, subsections (H) and (L) of section 3 of IWC Wage Order No. 9 and subsections (I) and (K) of section 3 of IWC Wage Order No. 7 provide exemptions to the overtime requirements.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Unmanageable)

29.     As a separate and twenty-ninth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff's claims, and those of the putative class members, cannot be tried or adjudicated on a class basis because such a trial or adjudication is not manageable.

## THIRTIETH AFFIRMATIVE DEFENSE

### (No Irreparable Harm/Adequate Remedy at Law)

30.     As a separate and thirtieth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that, to the extent Plaintiff and/or any putative class member seeks injunctive relief under Business and Professions Code section 17200 *et seq.*, this equitable remedy is unavailable based on the lack of irreparable harm and the existence of an adequate remedy at law.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Entitlement to Restitution under UCL)

31.     As a separate and thirty-first affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that to the extent Plaintiff and/or any putative class member seeks restitution under Business and Professions Code section 17200 *et seq.*, this equitable remedy is unavailable to the extent based on non-wage claims.

/ / /

1

PAYNE & FEARS LLP

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Standing)

32.     As a separate and thirty-second affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff's claims, and those of the putative class members, are barred because Plaintiff and the putative class lack standing, including, but not limited to, standing to seek injunctive relief under Business and Professions Code section 17200 *et seq*. and standing to obtain relief under Business and Professions Code section 17200 *et seq*. as they were not subject to any unlawful or unfair business practices.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Unstated Affirmative Defenses)

33.     All possible affirmative defenses may not have been alleged if sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer, and therefore Defendant reserves the right to further amend this Answer to allege additional affirmative defenses.

WHEREFORE, Defendant prays for relief as follows:

1.     That the Complaint be dismissed, with prejudice and in its entirety;

2.     That Plaintiff and the putative class members take nothing by reason of this Complaint and that judgment be entered against Plaintiff and the putative class and in favor of Defendant;

3.     That Defendant be awarded its attorneys' fees and costs incurred in defending this action;

4.     That Defendant be granted such other and further relief as the Court may deem just and proper.

1    DATED:  December 30, 2022          PAYNE & FEARS LLP
2                                       Attorneys at Law

3
4                                       By: _____
5                                              TAYLOR B. BROWN

6                                       Attorneys for Albertson's LLC

7    4887-4369-7474.2

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

ALBERTSON'S LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

**<u>PROOF OF SERVICE</u>**

**William Davis v. Albertson's LLC**
**San Diego Superior Court, Case # 37-2022-00045420-CU-OE-CTL**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On December 30, 2022, I served true copies of the following document(s) described as **ALBERTSON'S LLC'S ANSWER TO PLAINTIFF WILLIAM DAVIS COMPLAINT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Payne & Fears LLP's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address lvelasquez@paynefears.com to the persons at the e-mail addresses listed in the Service List.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 30, 2022, at Irvine, California.

/s/ Lina C. Velasquez
Lina C. Velasquez

ALBERTSON'S LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**SERVICE LIST**

**William Davis v. Albertson's LLC**
**San Diego Superior Court, Case # 37-2022-00045420-CU-OE-CTL**

Michael Nourmand, Esq.            *Attorneys for Plaintiff*
James A. De Sario, Esq.           William Davis
Ivan P. Medina
THE NOURMAND LAW FIRM, APC
8822 West Olympic Boulevard
Beverly Hills, CA 90211

Tel:  310-553-3600
Fax: 310-553-3603

Emails:
mnourmand@nourmandlawfirm.com
jdesario@nourmandlawfirm.com

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

Exhibit D, Page 51